VICTOR HEUTZ, Plaintiff, v. ARTHUR SEIDEL, Defendant. JOSEPH C. ZAVATT, Receiver, Appellant; PEOPLES NATIONAL BANK AND TRUST COMPANY OF LYNBROOK, Respondent.— Order of the County Court of Nassau county, vacating an order directing a tenant to pay rents to a receiver appointed in supplementary proceedings, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Davis, Adel and Close, JJ., concur.

SANDRA A. HILL, Respondent, v. J. EDWARD JONES, Appellant.— Order dated November 18, 1937, denying defendant's motion to vacate and set aside plaintiff's notice of examination of the defendant before trial modified so as to provide that the motion to vacate be granted as to item 10 of the notice, and that examination be had of the defendant individually and not as trustee. As so modified, the order is affirmed, without costs; the examination to proceed on five days' notice. No opinion. Hagarty, Carswell, Davis, Adel and Close, JJ., concur.

In the Matter of the Judicial Settlement of the Account of Proceedings of GUISIPPINA PARASCANDOLA, as Administratrix with the Will Annexed, etc., of JOSEPH AUDITORE, Deceased. JOHN J. KEAN and EDWARD H. WILSON, Appellants; JENNIE PARASCANDOLA, CARMELA AUDITORE, PAULINE RUGGIERO, and THOMAS CRADOCK HUGHES, as Special Guardian for CARMELO AUDITORE, an Infant, etc., Respondents.— In this proceeding, in effect to recover a sum claimed to be in excess of the value of attorneys' services under section 231-a of the Surrogate's Court Act, the only question presented is the value of such services, covering a period of years. There would not be any assets in the estate except for the skill and industry the appellants applied in the service of respondent administratrix in many long and involved litigations. Perhaps those services were of the value charged and received, but recovery therefor must be proportionate to the net amount received by the estate. On that theory, the recovery of a part may be justified under the findings of the referee as confirmed by the surrogate. Some of the methods of appellants in paying themselves from the assets of the corporations may have been irregular, but there is no evidence of fraud or bad faith. So the referee in effect found. In view of the work, skill and good faith of the appellants, and as there is no evidence of fraud, there should be no reflection on the integrity of their conduct. It is sufficient to say that, in view of the circumstances, they should return to the estate the amount found to be in excess of the value of their services. Decree of the Surrogate's Court of Kings county, dated June 17, 1937, unanimously affirmed, with costs to respondents and special guardian, payable out of the estate. Resettled order dated June 17, 1936, affirmed, without costs. Present — Hagarty, Davis, Adel, Taylor and Close, JJ.